IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| TIMOTHY S. TRADER,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>Defendant. | **ORDER ADOPTING IN PART AND REJECTING IN PART REPORT AND RECOMMENDATION**<br><br>Case No. 2:12-cv-00924-CW-EJF<br><br>Judge Clark Waddoups |
|---|---|

This case was assigned to United States District Court Judge Clark Waddoups, who then referred it to United States Magistrate Judge Evelyn J. Furse pursuant to 28 U.S.C. § 636(b)(1)(B). (*See* Dkt. No. 8.) On August 22, 2013, Judge Furse issued a Report and Recommendation recommending that the case be remanded for further administrative proceedings based on her findings that, in concluding in his decision of July 27, 2012 (the "Second Decision") that Plaintiff did not meet the eligibility requirements for disability benefits, the Administrative Law Judge ("ALJ") erred in (1) failing to assign weight to Dr. Royal's medical opinion in determining disability, and (2) misinterpreting the vocational expert's testimony. (Rep. & Rec. 13, 15 [Dkt. No. 18].)

Defendant objected to both of these findings though agreed with the rest of Judge Furse's analysis and requested the court to adopt it while at the same time denying the recommendation to remand for further administrative proceedings. (Def.'s Response Rep. & Rec. 2 [Dkt. No. 19].) In response, Plaintiff argued that Judge Furse correctly identified the ALJ's failure to assign weight to Dr. Royal's medical opinion as reversible error, thus justifying remand. (Pl.'s

Response to Def.'s Response Rep. & Rec. 4 [Dkt. No. 20].) However, Plaintiff also conceded that "[t]he Commissioner is correct in noting that the ALJ did not misstate the vocational expert's testimony. This was not part of Mr. Trader's argument in his briefing and he has no objection to this portion of the Commissioner's argument." (*Id.*)

As urged by the Commissioner, the court first adopts Judge Furse's overall analysis, in particular her discussion of the applicable standard of review (Rep. & Rec. 6-7 [Dkt. No. 18]) and her legal analysis of the regulatory five-part sequential evaluation for determining whether a claimant qualifies as disabled within the meaning of the Social Security Act under 20 C.F.R. § 404.1520 (*see id.* at 8-13). The court thus ADOPTS Judge Furse's findings in her Report and Recommendation that (1) any arguable error by the ALJ in not listing Plaintiff's alleged multiple chemical sensitivity ("MCS") as a separate "severe" impairment at step two of the five-part sequential evaluation was harmless since the ALJ found other severe impairments and proceeded with the rest of the evaluation on that basis (*id.* at 11-12), and (2) the ALJ had not committed any reversible error in his treatment of the evidence from Dr. Rea and Dr. Morrison (*id.* at 12-13, 14).

Second, however, the court must reject the grounds on which Judge Furse recommended remand for further administrative consideration, as discussed above. The court does not find the ALJ's alleged failure to assign weight to Dr. Royal's medical opinion[1] to have any relevance in light of Judge Furse's other finding, with which the court agrees, that it was harmless error not to include MCS as a severe impairment at step 2 of the five-step sequential evaluation since other severe impairments were found at that stage, thus allowing the evaluation to proceed. Therefore,

---

[1] In her Objection, the Commissioner argues that the ALJ did not commit reversible error in his treatment of Dr. Royal's medical opinion because Dr. Royal, in fact, did not issue any relevant medical opinion that the ALJ was required to weigh. (Def.'s Response Rep. & Rec. 3 [Dkt. No. 19].) Moreover, "even if Dr. Royal had issued an opinion, Dr. Morrison's testimony—which the ALJ reasonable accorded great weight (*see* Tr. 686)—seriously called into question the reliability of the testing performed by Dr. Royal." (*Id.* at 3-4.)

if the ALJ erred in its treatment of Dr. Royal's medical opinion, then it was harmless error of no relevance to the overall evaluation.

Finally, the court rejects Judge Furse's *sua sponte* finding of reversible error in the ALJ's understanding of the vocational expert's testimony. This is particularly the case because, as noted above, Plaintiff conceded in his Response that "[t]he Commissioner is correct in noting that the ALJ did not misstate the vocational expert's testimony. This was not part of Mr. Trader's argument in his briefing and he has no objection to this portion of the Commissioner's argument." (Pl.'s Response to Def.'s Response Rep. & Rec. 4 [Dkt. No. 20].) Also, based upon a *de novo* review of the record, the court agrees with the Commissioner's argument that "[i]t was only when the ALJ added a hypothetical limitation for no contact with other people (or for contact only with people who would meet Plaintiff's alleged requirements for not using colognes, deodorants, aftershaves, soaps, etc.) that the vocational expert said the identified jobs would be eliminated." (Def.'s Response Rep. & Rec. 4 [Dkt. No. 19].) As the Commisioner further notes,

> [a]s the ALJ did not ultimately include such a limitation on social contact in the residual function capacity assessment (*see* Tr. 671-72, Finding 5), the vocational expert's testimony in this regard is of no consequence here. *See Qualls v. Apfel*, 206 F.3d 1368, 1373 (10th Cir. 2000) (finding no error when the ALJ relied upon a hypothetical question to the vocational expert that included all the limitations the ALJ ultimately included in his residual function capacity assessement); *Talley v. Sullivan*, 908 F.2d 585, 588 (10th Cir. 1990) (the vocational expert's answers to questions that require the vocational expert to assume unestablished facts do not bind the ALJ).

(*Id.* at 5.)

Accordingly, and upon a *de novo* review of Judge Furse's findings, the court ADOPTS IN PART AND REJECTS IN PART Judge Furse's Report and Recommendation (Dkt. No. 18), as discussed above. Specifically, the court REJECTS Judge Furse's recommendation to remand and instead AFFIRMS the ALJ's decision. This case is closed.

SO ORDERED this 7th day of July, 2014.

                            BY THE COURT:

                            _____
                            Clark Waddoups
                            United States District Judge